Kime v. Krenek.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.

---

JOSEPH A. KIME, APPELLANT, V. NORBERT A. KRENEK ET AL., APPELLEES.

FILED OCTOBER 17, 1913.   No. 17,201.

1. Ejectment: EXCHANGE OF LANDS: ESTOPPEL. Where plaintiff, the former owner of the land in question, exchanged it for other land of equal value, receiving and retaining title thereto, he cannot be heard to claim the title to the land so exchanged, where his claim is that he is the sole owner thereof in his own right.

2. ——: ——: ——. Where, prior to the exchange, plaintiff had deeded the land to a third party, who redeeded it to plaintiff's wife, but which deed was not recorded nor possession of the property taken by the wife, and the plaintiff exchanged it for another tract of equal value, receiving and retaining title and possession, he cannot, as the grantee or devisee of his now deceased wife, reclaim the possession and title to the property which he had caused the grantee of his deed to convey to the purchaser, who purchased in good faith and for full value, even though said grantee had reconveyed the property to the now deceased wife.

APPEAL from the district court for Box Butte county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*William Mitchell,* for appellant.

*Eugene Burton* and *B. F. Gilman,* contra.

REESE, C. J.

This is an action in ejectment whereby plaintiff seeks the possession of the northwest quarter of section 4, township 24, range 47, in Box Butte county. It appears from the pleadings and evidence that on the 29th day of February, 1896, the present plaintiff, Joseph A. Kime, then a married man, was the owner of the land in question, and that on that date he and his wife conveyed it to Loren Mallery, a relative, but whether for a consideration does not definitely appear. There is some evidence of a subsequent statement by plaintiff to the effect that the transfer was only colorable for the purpose of protecting it from the creditors of Kime. The deed was recorded March 3, 1896. On the 18th of the same month Mallery and wife conveyed the property to Susan Kime, the wife of the present plaintiff. This deed was not recorded until the 30th day of August, 1899. During this time the land was open and uncultivated prairie, and no one seems to have been in possession thereof. About the month of August, 1898, the present plaintiff applied to W. W. Norton for an exchange of lands. Norton owned an equal quantity of land which was inclosed in this plaintiff's pasture, and the land in question was adjacent to other lands held by Norton. The two tracts were of equal value. An agreement for an exchange was made, and Norton conveyed his land to this plaintiff, who has retained the ownership, and, so far as herein appears, is still the owner. At the time of the agreement for the exchange this plaintiff represented to Norton that the title was held by Mallery, but only for prudential reasons, and the deed to Norton would be made by him. A quitclaim deed of conveyance was executed by Mallery and wife to Norton, of date of September 30, 1898, and by him recorded on the 14th day of February, 1900. Susan Kime's deed not being of record, nor any appearance of possession of the land by her, Norton had no notice of any rights she might claim in the land, nor had he any knowledge of the existence of her

Kime v. Krenek.

deed or any claim of title or interest in the land by her. The evidence shows that he acted in entire good faith in the transaction. Soon after he obtained the deed from the Mallerys he leased the land to Matthew G. Wambaugh, who continued in its occupation until February 12, 1900, when he purchased, receiving a deed of that date. This deed was recorded on the day of its execution. The land, by mesne conveyances, passed through a number of hands until the 12th of October, 1904, when the defendant became the owner by purchase, his deed of that date being recorded on the 28th of March, 1908. From the time of Wambaugh's lease the land has been in the exclusive possession of himself and grantees, the owners making valuable improvements and residing thereon, all conveyances from the Mallerys down to defendant having been made upon consideration and in good faith. On the 22d day of September, 1908, Susan Kime commenced this action. Thereafter she departed this life, and, upon a showing that she made a will and this plaintiff is the sole heir and devisee thereunder, the suit was revived in his name as the sole party plaintiff in interest. This proof was made by oral testimony of this plaintiff, but there is nothing in the record to show the contents of the will, nor if it was ever admitted to probate. The revivor having been entered, Joseph A. Kime became the sole plaintiff in his own behalf. A jury trial was had, which resulted in a verdict and judgment in favor of defendants. Plaintiff appeals.

From the four corners of the case we think there is a serious doubt if plaintiff was divested of the beneficial interest in the property by his deed to Mallery. His wife joined him in that deed. The Mallerys reconveyed the property to her, but she withheld her deed from record until long after the Mallerys conveyed to Norton for full value received and retained by plaintiff, and he (Norton) had, by his tenant, taken possession of the property. The land was being improved by the line of grantees from Mallery and Norton, the owners making their home thereon, but she appears to have given no notice of any

claim of ownership by her, presumably considering that the occupants were the rightful owners.

The former owners of the land under Mallery's deed to Norton, as well as to the defendant, were called as witnesses to testify to their purchase, the occupation and improvement of the property by them. Objections were made to their testimony on the ground that plaintiff was the representative of his deceased wife, he, as claimed, having obtained title from her. No witness was asked to detail any conversation or testify to any transaction with the decedent. We are unable to see how or where the provisions of our statute (code, sec. 329) were in any way violated, and can find no error in the rulings of the court upon the objections to the evidence.

It is true that the deed from the Mallerys to the now deceased wife of plaintiff was recorded before their deed to Norton was on record. But he had taken possession, by his tenant, before her deed was recorded, and that possession has been held ever since. It is provided by section 10816, Ann. St. 1911, that, as to subsequent purchasers in good faith without notice, a deed "shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before." Applying the rule of this statute to this case the condition would not be different had the deed to her been executed on the 30th day of August, 1899, the date of its record. At that time Wambaugh was in possession of the land as Norton's tenant, the possession being notice of his rights.

If it is true, as claimed by plaintiff, that his title was received from his wife by her will, he is in the attitude of insisting upon a recovery of the land, which he had exchanged to Norton for land of equal value, and at the same time retaining the full and ample consideration received for it. It is unnecessary for us to inquire what the rights of his deceased wife would have been had she survived to the end of this litigation. It is enough to know that plaintiff is now claiming the land in his own right

and that he has received and retained its full value in exchange.

Some objections are made to the instructions given by the court to the jury, but they are without merit and need not be specifically noticed.

The verdict and judgment are just, and the judgment is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.